**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elias Barrios DELAROSA, a.k.a. Elias Barrios, Defendant–Appellant.**

No. 05–12907
Non–Argument Calendar.
D.C. Docket No. 04–00563–CR–T–23MAP.

United States Court of Appeals,
Eleventh Circuit.

March 14, 2006.

Roland Augustine Hermida, Tampa, FL, for Elias Barrios Delarosa.

Yvette Rhodes Harrison, Tampa, FL, for United States of America.

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Elias Barrios DeLaRosa appeals his 135–month sentence for possession with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g), & (j), and 21 U.S.C. § 960(b)(1)(B)(ii). DeLaRosa argues that he should have received a minor-role reduction pursuant to U.S.S.G. § 3B1.2.

We have held that a district court's determination of a defendant's role in an offense is a finding of fact, to be reviewed for clear error. *United States v. De Varon*, 175 F.3d 930 (11th Cir.1999) (*en banc*). The guidelines allow a court to decrease a defendant's offense level by two points if the court finds the defendant was a minor participant. U.S.S.G. § 3B1.2(b). A defendant who "is less culpable than most other participants, but whose role could not be described as minimal" is a minor participant. U.S.S.G. § 3B1.2, comment. (n.5). Under the requisite standards articulated in *De Varon*, we cannot say that the district court clearly erred in denying the downward departure here.

**AFFIRMED**